UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-62277-RS

DJEMS R. PIERRE

    Plaintiff,

v.

CARRABBA'S ITALIAN GRILL, LLC and
OS RESTAURANT SERVICES, LLC,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT

Defendants, CARRABBA'S ITALIAN GRILL, LLC and OS RESTAURANT SERVICES, LLC ("Defendants") and Plaintiff, DJEMS R. PIERRE ("Plaintiff") (collectively, "the Parties"), respectfully request that the Court approve the settlement reached by the Parties, which represents a fair and reasonable resolution of a dispute over provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and dismiss this case with prejudice. In support of their Motion, the Parties provide the following Memorandum of Law.

## MEMORANDUM OF LAW

**I.    Procedural History**

On September 13, 2019, Plaintiff filed a three-count Complaint alleging that he was not paid minimum wage for all hours that he worked in violation of the FLSA. Specifically, Plaintiff claimed that he was paid with a pay card but was unable to retrieve the funds from his bank and was, therefore, never paid for his work. Before engaging in discovery, the

Parties held settlement discussions and were able to reach a fair settlement. The Parties now seek court approval of their settlement agreement, which is attached to this Motion as Exhibit A.

## II.     The settlement agreement is fair and reasonable

Parties are required to seek court approval of a private settlement of an overtime claim arising under the FLSA. Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In determining whether the settlement reached by the parties is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed by the parties; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. See Leverso v. S. Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

Additionally, the compromise must resolve a bona fide dispute; must not contain a confidentiality provision in contravention of FLSA policy; and may not prospectively waive an employee's FLSA rights. The compromise must also award the Plaintiff's counsel a reasonable fee that demonstrates counsel is compensated adequately but that does not taint the amount the plaintiff-employee recovers under the settlement agreement. Dees v. Hydradry, Inc., 2010 WL 1539813, *8-10 (M.D. Fla. 2010). For purposes of providing the court with a basis upon which it can evaluate the reasonableness of such fees, the parties must either (1) demonstrate the reasonableness of the proposed attorney's fee using the lodestar approach or (2) represent that the parties agreed to the plaintiff's attorney's fee

separately and without regard to the amount paid to settle the plaintiff's FLSA claim. Id. at *13. A strong presumption exists to find a settlement fair and reasonable. Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977).

The Parties believe that the settlement reached is fair and reasonable. In his Complaint, Plaintiff admitted that his W-2 form indicated that he earned a total of $660 during his employment. (ECF No. 1, ¶ 29). Plaintiff claimed during negotiations that believed that he worked additional hours and that his total income should have been $836. Without admitting liability, Defendants have agreed to pay Plaintiff the full amount he claims to be owed for back wages plus an equal amount for liquidated damages. Therefore, Plaintiff will receive full relief for his claims. Additionally, Defendants have agreed that Plaintiff will be compensated $3,750 for the attorneys' fees and costs that he incurred bringing this lawsuit.

The Parties do not believe that Plaintiff would be able to obtain a better recovery at trial. He would likely spend far more in attorneys' fees to attempt to do so. Furthermore, the amount paid to Plaintiff's counsel is fair and reasonable, given that the Parties settled the case without motion practice or discovery, and the amount agreed upon by the Parties was negotiated independently of Plaintiff's claims for back-wage damages. The settlement agreement also contains no terms that the Parties believe the Court will deem to be in contravention of the legislative purpose of the FLSA.

**III. Conclusion**

Based on the foregoing, the Parties respectfully request that this Court approve the attached settlement agreement. The Parties further request that the Court dismiss with prejudice the claims made by Plaintiff against Defendants in this action.

Dated this 21st day of January, 2020.

Respectfully submitted,

| | |
|---|---|
| /s/ Donald A. Yarbrough | /s/ Christopher C. Johnson |
| Donald A. Yarbrough | Kevin D. Johnson |
| Florida Bar No. 0158658 | Florida Bar No. 0013749 |
| Law Office of Donald A. Yarbrough | Christopher C. Johnson |
| Post Office Box 11842 | Florida Bar No. 0105262 |
| Ft. Lauderdale, Florida 33339 | **JOHNSON JACKSON PLLC** |
| Telephone: (954) 537-2000 | 100 N. Tampa St., Suite 2310 |
| Facsimile: (954) 566-2235 | Tampa, Florida 33602 |
| Email: don@donyarbrough.com | Telephone: (813) 580-8400 |
| | Facsimile: (813) 580-8407 |
| *Attorneys for Plaintiff* | Email: kjohnson@johnsonjackson.com |
| | cjohnson@johnsonjackson.com |
| | *Attorneys for Defendants* |